NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KHALIL SURVEY, | : |
| Petitioner, | : Civil Action No. 14-3887 (WHW) |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : **OPINION** |

**Walls**, Senior District Judge:

This matter is before the Court upon Petitioner's § 2255 motion challenging his sentence. See ECF No. 1. On September 13, 2011, he was charged with possession and distribution of child pornography, see USA v. Survey ("Survey-I"), Crim. Action No. 12-0548 (WHW) (NJD), ECF No. 1, and arrested the next day. See id. ECF Nos. 3 and dated Sept. 14, 2011. Although a public defender was appointed to him, see id. ECF No. 6, and obtained his release on bond, see id. ECF Nos. 11 and 12, Petitioner retained a private attorney, Joseph D. Rotella, Esq. ("Rotella"). See id. ECF Nos. 14 and 21, at 2. Yet, within half a year, the relationship between Rotella and Petitioner so deteriorated that Rotella moved for withdrawal of representation. See id. ECF No. 21.[1]

---

[1] Rotella's affidavit averred that, on May 9, 2012, the Government served him with a plea offer for Petitioner, and Rotella twice forwarded it to Petitioner with request to advise him as to how Petitioner wished to proceed and also called Petitioner five times asking the same. See Survey-I, ECF No. 21, at 2-3. After six weeks of silence, Petitioner called Rotella and scheduled a June 15, 2012, meeting but failed to appear for that meeting and rescheduled for July 5, 2012. See id. at 3. During the July 5, 2012, meeting, being advised of the details of the offer, Petitioner promised to advise Rotella of his decision by July 9, 2012, but failed to abide by his promise. See id. When Rotella secured a July 23, 2012, meeting with Petitioner, Petitioner did not tell Rotella of his decision as to the plea offer and indicated that he no longer wished to cooperate with Rotella in his defense. See id. at 3-4. Obtaining an extension of time as to the plea offer, Rotella tried to contact Petitioner on July 26, August 9, and August 17, 2012. See id. at 4. On August 20, 2012, being ignored by

1

This Court held a hearing and, upon obtaining Petitioner's assurances that he would: (a) stop ignoring Rotella's communications; and (b) begin to cooperate with Rotella in his defense, denied Rotella's motion. See id. ECF No. 22. Shortly thereafter, Petitioner submitted a plea application setting his maximum sentence at 240 months, and this Court held a hearing and accepted the plea upon Petitioner's averment as to the adequacy of Rotella's representation. See id. ECF Nos. 25 and 26, at 3-4. The Court sentenced Petitioner to 140 months, entering the judgment of conviction on June 6, 2013. See ECF Nos. 27 and 28. On June 15, 2014, Petitioner executed the motion at bar raising two grounds.[2] See This Action, ECF No. 1, at 5-6. The first ground read, "[M]y lawyer . . . did not file a notice of appeal [as to my sentence. H]e abandoned" all litigation efforts after the conviction/sentence. Id. at 5. The second ground stated, "[M]y lawyer was ineffective in that he wanted to be relieved from my case. He did not properly argue for a reduced sentence. He did not communicate with me." Id. at 6.

Petitioner's motion warrants no relief. Because a defendant who pleads guilty waives all pre-plea and plea-unrelated claims, his § 2255 motion must be limited to an attack on his plea and/or the assistance of his counsel *in connection with that plea*. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (if a defendant pleads guilty, "he may . . . only attack the voluntary and intelligent character of the guilty plea"); see also United States v. Broce, 488 U.S. 563, 569-74 (1989); Hill v. Lockhart, 474 U.S. 52, 58 (1985);

---

Petitioner and stressing that he has "received no meaningful input or communication from [Petitioner] concerning [his case, and] not know[ing] what [Petitioner's] intentions [were], i.e., if he wishe[d] to proceed to trial, if he wished to enter a guilty plea, if he wishe[d] to attempt to negotiate a better resolution, or how he otherwise want[ed] to move on [his] case," Rotella sought withdrawal of representation citing Petitioner's systemic "refus[al] to communicate" with him. Id. at 4-5.

[2]  Petitioner's averred as to being aware of his United States v. Miller, 197 F.3d 644 (3d Cir. 1999), rights. See This Action, ECF No. 1. at 15.

Mabry v. Johnson, 467 U.S. 504, 508-09 (1984).  In addition, the defendant's challenges must satisfy the two-prong Strickland v. Washington, 466 U.S. 668 (1984), test.  Under the first prong, he must show that his counsel's performance fell below an objective standard of reasonableness.  See id. at 688.  Under the second prong, he must establish prejudice caused by his counsel's deficient performance.  See id. at 692-93; see also Knowles v. Mirzayance, 556 U.S. 111 (2009).  If he attacks his plea on the basis of his counsel's assistance, the second prong means he "must show . . . a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 58-59 (1985); United States v. Orocio, 645 F.3d 630, 638 (3d Cir. 2011); see also United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).  If the defendant does not deny the crime he plead guilty to, his "failure to disavow [the] charges supports a finding that he would have been convicted had the case gone to trial," meaning that his plea did not cause him prejudice.  Cedeno v. United States, 455 F. App'x 241, 245 (3d Cir. 2011) (citation omitted).

     Here both Petitioner's grounds are unrelated to his plea.  His first ground challenges Rotella's election not to represent Petitioner on appeal.  His second ground attacks pre-plea developments and is void of any statement casting doubt on the voluntary/intelligent character of the guilty plea because Petitioner merely expresses his disappointment with the length of his prison term.  In addition, he does not deny he committed the offenses he pled guilty to, and no statement in the motion suggests he would have insisted on going to trial had it not been for Rotella.  Because Petitioner's motion neither meets the limitation of Broce-Hill nor establishes prejudice under the second prong of Strickland, as explained in Tollett, it should be denied on these grounds.

In addition, the motion fails to meet the first prong of <u>Strickland</u>. Defense attorneys are not constitutionally obligated to seek "better" plea deals or even any plea deals. <u>See</u>, e.g., <u>Welch v. United States</u>, 370 F. App'x 739 (7th Cir. 2010); <u>United States v. Osif</u>, 789 F.2d 1404, 1405 (9th Cir. 1986). Also, the Rules of Professional Conduct entitle attorneys to seek withdrawal of representation if their clients refuse to assist in litigation, even though the Rules obligate the attorneys to "continue representation" if they are "ordered to do so" by the court. N.J. RPC 1.2(a), 1.16 (b)(1), (5) and (d); <u>see also</u> L. Civ. R. 103.1(a) ("The Rules of Professional Conduct . . . , as revised by the New Jersey Supreme Court[,] . . . govern the conduct of the [lawyers practicing in this District]"). And while an indigent defendant wishing to launch an appeal as of right is always entitled to assistance by a *public* defender (or a lawyer appointed/compensated under the Criminal Justice Act, 18 U.S.C.S. § 3006A(d)(2)), <u>see</u>, <u>e.g.</u>, <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987); <u>Perkins v. Adams</u>, 322 F. Supp. 257, 259 (D. Conn. 1971), private counsel are not obligated to get involved in their clients' appeals and may violate their clients' rights only they fraudulently state to their clients that an appeal is underway or if they abandon the appeals that are already in progress (e.g., without client's consent or upon a notice stating that the representation is withdrawn because the client's funds were exhausted). <u>See</u> <u>O'Brien v. Maroney</u>, 423 F.2d 865, 870 and nn. 11, 12 (3d Cir. 1970) (citing <u>Goforth v. Dutton</u>, 409 F.2d 651 (5th Cir. 1969); <u>Atilus v. United States</u>, 406 F.2d 694 (5th Cir. 1969); <u>Camp v. United States</u>, 352 F.2d 800, 801 (5th Cir. 1965); <u>Calland v. United States</u>, 323 F.2d 405 (7th Cir. 1963); and <u>Wilson v. State</u>, 445 S.W.2d 745 (Tex. Crim. Ct. App. Div. 1969)).

Here Rotella could not violate Petitioner's rights when he moved for withdrawal of representation. Petitioner's allegations that Rotella "did not communicate with [him]" are

belied by the record.  In addition, the motion at bar verifies that Rotella neither misled Petitioner about his intent to avoid any involvement in Petitioner's appeal nor abandoned Petitioner's appeal-in-progress.  It follows that Petitioner's motion also fails to meet the first prong of Strickland and must be denied on this ground.

      The Court must now determine whether a certificate of appealability ("COA") should issue.  The Court may issue a COA only if Petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see Miller-El, 537 U.S. at 327.  Because jurists of reason would not find it debatable that Petitioner failed to make such showing here, no COA will issue.  An appropriate Order follows.

Dated: August 5, 2014

                                              **/s/ William H. Walls**
                                              United States Senior District Judge